```
                        UNITED STATES DISTRICT COURT
                        SOUTHERN DISTRICT OF FLORIDA

                        CASE NO. 10-14211-CIV-GRAHAM
                        MAGISTRATE P. A. WHITE
```

CHRISTOPHER LEE SWICK,         :

    Plaintiff,              :

v.                             :         REPORT OF
                                  MAGISTRATE JUDGE
DEPARTMENT OF CORRECTIONS
et al.,                        :

    Defendants.             :
_____

## I. Introduction

The pro-se plaintiff, Christopher Lee Swick, filed a civil rights complaint pursuant to 42 U.S.C. §1983,(De#1), and an amended complaint (DE#11), alleging denial of access to the law library at Martin Correctional Institution. The plaintiff seeks injunctive relief and any other appropriate compensation. The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening of the amended complaint (DE#11)[1], pursuant to 28 U.S.C. §1915.

## II. Analysis

A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

---

[1] The initial complaint was insufficient and the plaintiff was ordered to file the amended complaint.

> Sec. 1915 Proceedings in Forma Pauperis
>
> \* \* \*
>
> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on

2

factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that

3

no misconduct occurred.[2]

### B. Factual Allegations

The plaintiff alleges that Secretary of the Department of Corrections, Walter McNeil, Regional Director, Marta Villacorta, Warden Reid, Martin Correctional Institution (CI), Assistant Wardens Conner and Inman, Colonel Macally, Major Collins, Captain Riggins, Officer Ward, and an unnamed security officer are responsible for denying him access to the law library at Martin CI. Swick contends that he and other inmates are routinely denied access to the library, based upon the following reasons: 1)shortness of staff, 2) security reasons, 3) weather conditions, 4) routine lawn maintenance and 5) extending the length of other facility operations. He further alleges that inmates at a satellite facility, such as the work camps, have access only to outdated materials. To transport an inmate to the Main Unit Law Library the inmate must demonstrate he has a court deadline. Swick also claims that Defendant Reed denied him his legal materials. His grievance was returned, stating he had received his property. He claims this is untrue.

### C. Analysis of Sufficiency of Complaint

Prisoners have a constitutional right to effective access to the courts. Lewis v. Casey, 518 U.S. 343 (1996); Bounds, Correction Commissioner v. Smith, 430 U.S. 817 (1977); Wanninger v. Davenport, 697 F.2d 992 (11 Cir. 1983). This right also extends to detainees, including pretrial detainees pending trial, Love v.

---

[2] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

Summit County, 776 F.2d 908, 912 (10 Cir. 1985) (recognizing pretrial detainees have the same constitutional access rights to vindicate fundamental constitutional rights).

The right to have effective access to the courts includes reasonable access to a law library or adequate assistance from persons trained in the law, Bounds, supra; Straub v. Monge, 815 F.2d 1467 (11 Cir. 1987); Wainwright v. Davenport, 697 F.2d 992 (11 Cir. 1993).

Nevertheless, where a prisoner or detainee's claim that he has been denied access to the courts involves an alleged deprivation of access to resources other than Bounds' core concern of actual legal assistance, courts require him to demonstrate that he suffered an actual injury as a result. Chandler v. Baird, 926 F.2d 1057 (11 Cir. 1991), and cases cited at 1062 n. 3; see also, Strickler v. Waters, 989 F.2d 1375 (4 Cir. 1993), and cases cited at 1382 n. 10; Sands v. Lewis, 886 F.2d 1166 (9 Cir. 1989); Hoppins v. Wallace, 751 F.2d 1161 (11 Cir. 1985).

In other words, to prove a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7 Cir. 1992), quoting Shango v. Jurich, 965 F.2d 289 (7 Cir. 1992).  To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won.  Martin v. Davies, 917 F.2d 336, 338 (7 Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

In the case of Lewis v. Casey, supra, the Supreme Court made clear that not just any prejudice will suffice. In Lewis, the Court emphasized that it is vital to a claim of denial of access to the courts for the plaintiff to specifically demonstrate how he was harmed and prejudiced with respect to any litigation in which he was involved, Id., 116 S.Ct. at 2179-80. Additionally, the Court stated that "the injury requirement is not satisfied by just any type of frustrated legal claim." Id., at 2181. Rather, the plaintiff must show that he was prejudiced in a criminal appeal, in a post-conviction proceeding, or in a civil rights action in which he sought "to vindicate 'basic constitutional rights.'" Id. at 2181-82 (quoting Wolff v. McDonnell, 418 U.S. 539, 579 (1974)).

Swick makes absolutely no allegation that he has suffered an actual injury in an ongoing criminal proceeding, a criminal appeal, in a post-conviction proceeding, or in a civil rights action in which he seeks to vindicate basic constitutional rights. Accordingly, he is not entitled to the relief he seeks.

The plaintiff's claim that his property was not returned to him, despite officials claims to the contrary, fails to state a claim. The Supreme Court has held that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property, see Daniels v. Williams, 474 U.S. 327, 329-36 (1986) (pretrial detainee who slipped on pillow left on stairway by prison official could not recover under §1983); Davidson v. Cannon, 474 U.S. 344 (1986) (state prisoner injured by fellow inmate), and have expressed concern with a reading of section 1983 which would turn the Fourteenth Amendment into a font of tort law to be superimposed upon whatever systems may already be administered by the states. Parratt v. Taylor, 451 U.S. 527, 544 (1981); Baker v. McCollan, 443

6

U.S. 137 (1979); Paul v. Davis, 424 U.S. 693, 701 (1976); Cannon v. Taylor, 782 F.2d 947 (11 Cir. 1986). The State of Florida has provided a tort claims procedure which may be utilized to recover missing property.

### III. Conclusion

It is therefore recommended the claims against the defendants be dismissed for failure to state a claim pursuant to 28 U.S.C 1915(e)(2)(B)(ii).

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 4th day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Christopher L. Swick, Pro Se
      DC#U24396
      Martin Correctional Institution
      Address of record